Thad M. Scroggins, Esq., SBN 299453
**THE LAW OFFICE OF THAD M. SCROGGINS**
155 N. Lake Ave., Suite 800
Pasadena, CA 91101
Tel: (626) 993-6715
Fax: (626) 226-5594
thad@scrogginsesq.com

Attorneys for Plaintiff, ENGAGE BDR, LLC and Plaintiff, KENNETH KWAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION - SPRING STREET COURTHOUSE

| | |
|---|---|
| ENGAGE BDR, LLC, a California limited liability company; KENNETH KWAN, an individual;<br><br>            Plaintiff,<br>v.<br><br>GODADDY INC., a Delaware corporation; DOES 1 through 10, inclusive;<br><br>            Defendants. | Case No.  2:21-cv-2014<br><br>Assigned to:<br><br>**COMPLAINT FOR:**<br><br>1. **NEGLIGENCE**<br>2. **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>3. **UNFAIR AND FRAUDULENT BUSINESS PRACTICES**<br>4. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff, ENGAGE BDR, LLC (hereinafter referred to as "Engage") and Plaintiff, KENNETH KWAN, on behalf of Engage (hereinafter referred to as "Mr. Kwan") (hereinafter collectively referred to as the "Plaintiffs"), by and through its undersigned attorney, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

1

**THE PARTIES**

2

    1.      Engage is a California limited liability company with a principal place of

3

business located at 8581 Santa Monica Blvd., #12, West Hollywood, CA 90069.

4

    2.      Mr. Kwan is an individual who is a citizen of the United States and resides

5

in Bangkok, Thailand.

6

    3.      GODADDY INC. (hereinafter referred to as "Defendant" or "GoDaddy"), is

7

a Delaware corporation with a principal place of business located at 14455 N. Hayden Rd

8

#219, Scottsdale, AZ 85260, and is doing business in and with the state of California.

9

    4.      The true names and capacities, whether individual, corporate, or otherwise of

10

the defendants named in this complaint as Does 1 through 10, inclusive, are unknown to

11

Plaintiffs. Plaintiffs are informed and believe, and on that basis allege, that each of said

12

fictitiously named defendants is liable to Plaintiffs on the causes of action herein alleged

13

and/or asserts some interests, legal or equitable, in the subject matter of this action, and

14

therefore Plaintiffs sues said defendants by said fictitious names. Plaintiffs will move to

15

amend this complaint when the true names and capacities of said fictitiously named

16

defendants have been ascertained.

17

    5.      Defendant and Does 1 through 10 are collectively referred to as "Defendant"

18

herein.

19

**JURISDICTION**

20

    6.      This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) as the matter in

21

controversy is between citizens of different states.

22

    7.      This Court has jurisdiction under 28 U.S.C. § 1332(a) as the matter in

23

controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

24

    8.      Engage is a limited liability company duly organized under the laws of

25

California and is a citizen of California.

26

    9.      The sole member of Engage is Engage BDR, Ltd. Engage BDR, Ltd. is

27

organized under the laws of Australia and accordingly, is a citizen of Australia.

28

/ / /

10.     Mr. Kwan is an individual who is a citizen of the United States and resides in Bangkok, Thailand.

11.     Defendant is a corporation organized and existing under the laws of Delaware and accordingly, is a citizen of Delaware.

## VENUE

12.     As the Central District of California is the district in which substantial part of the events or omissions giving rise to the claim occurred, venue is proper with this District pursuant to 28 U.S.C. § 1391(b)(2).

13.     Venue is also proper with this District pursuant to 28 U.S.C. § 1391(d).

## FACTUAL ALLEGATIONS

14.     Defendant is an American Internet domain registrar and web hosting company that is publicly traded on the New York Stock Exchange.

15.     On July 2, 2009, Mr. Kwan, on behalf of Engage, purchased the domain name "hahajk.com" (hereinafter referred to as the "Domain Name") through Defendant for a period of five (5) years. Attached hereto as Exhibit A is a true and correct copy of the email receipt from Defendant acknowledging such purchase.

16.     On May 19, 2014, Mr. Kwan, on behalf of Engage, renewed the Domain Name with Defendant for a period of two (2) years. Attached hereto as Exhibit B is a true and correct copy of the email receipt from Defendant acknowledging such renewal.

17.     On July 2, 2016, Mr. Kwan, on behalf of Engage, renewed the Domain Name with Defendant for a period of five (5) years. Attached hereto as Exhibit C is a true and correct copy of the email receipt from Defendant acknowledging such renewal.

18.     On or about October 19, 2019, Defendant experienced a security breach that affected approximately 28,000 customer's hosting accounts including Mr. Kwan's account in which he purchased and held the Domain Name.

19.     The aforesaid security breach lasted for a period of approximately six (6) months before detection by Defendant's security team on April 23, 2020.

/ / /

20.     On or about December 2019, GoDaddy transferred the Domain name out of Mr. Kwan's account to a third party without his authorization or approval.

21.     Upon information and belief, DOES 1 – 10, and each of them, breached/hacked Defendant's system and got into Mr. Kwan's account and transferred multiple domain names off under that account, including but not limited to the Domain Name.

**FIRST CAUSE OF ACTION**

**(Negligence)**

22.     Plaintiffs re-allege and incorporate herein by this reference, each and every allegation contained in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.     At all relevant times herein alleged, Defendant was and is an American Internet domain registrar and web hosting company that is publicly traded on the New York Stock Exchange.

24.     At all relevant times herein alleged, Defendant registered and maintained the Domain Name.

25.     On or about October 19, 2019, Defendant experienced a security breach that affected approximately 28,000 customer's hosting accounts including Mr. Kwan's account in which he purchased and held the Domain Name.

26.     The aforesaid security breach lasted for a period of approximately six (6) months before detection by the Defendant's security team on April 23, 2020.

27.     On or about December 2019, Defendant transferred the Domain name out of Mr. Kwan's account to a third party without his authorization or approval.

28.     Upon information and belief, DOES 1 – 10, and each of them, breached/hacked Defendant's system and got into Mr. Kwan's account and transferred multiple domain names off under that account, including but not limited to the Domain Name.

/ / /

29.    Defendant, as registrar of the Domain Name, had the duties to Mr. Kwan to:

    a.  provide adequate security for Mr. Kwan's hosting account and the Domain Name;

    b.  provide adequate security mechanisms to protect the Domain Name from an unauthorized transfer to a third party;

    c.  to contact Mr. Kwan to obtain authorization to transfer the Domain Name to a third party;

    d.  to contact Mr. Kwan to verify any request to transfer the Domain Name to a third party;

    e.  to adequately warn Mr. Kwan of the possibility of an unauthorized transfer of the Domain Name to a third party;

    f.  to otherwise exercise due care with respect to the matters alleged in this Complaint.

30.    Defendant, as registrar of the Domain Name, failed to meet the aforesaid duties that it owed to Mr. Kwan.

31.    As a direct and proximate result of the negligence and carelessness of Defendant as set forth above, the Domain name was transferred out of Mr. Kwan's account to a third party without his authorization or approval.

32.    As a direct and proximate result of the negligence and carelessness of Defendant as set forth above, Plaintiffs' economic relationships with their various partners with regard to the use of the Domain Name were, and continues to be, disrupted.

33.    As a direct and proximate result of the negligence and carelessness of Defendant as set forth above, Plaintiffs were damaged in a sum in excess of $75,000.

## SECOND CAUSE OF ACTION

### (Negligent Interference with Prospective Economic Advantage)

34.    Plaintiffs re-allege and incorporate herein by this reference, each and every allegation contained in paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.     Plaintiffs and their various partners were in economic relationships regarding the use of the Domain Name that would have resulted in an economic benefit to Plaintiffs.

36.     Defendant had a duty to maintain the registration of the Domain Name in Mr. Kwan's account and not allow an unauthorized transfer of the Domain Name to a third party.

37.     Defendant knew or should have known of Plaintiffs' economic relationships regarding the use of the Domain Name.

38.     Defendant knew or should have known that Plaintiffs' economic relationships regarding the use of the Domain Name would be disrupted if Defendant failed to act with reasonable care and fulfill its aforesaid duties to Plaintiffs.

39.     Defendant breached its duty to act with reasonable care by transferring the Domain name out of Mr. Kwan's account to a third party without his authorization or approval.

40.     Defendant engaged in wrongful conduct by transferring the Domain name out of Mr. Kwan's account to a third party without his authorization or approval.

41.     As a direct and proximate result of the actions and omissions by Defendant as set forth above, Plaintiffs' economic relationships with their various partners regarding the use of the Domain Name were, and continues to be, disrupted.

42.     As a direct and proximate result of the actions and omissions by Defendant as set forth above, Plaintiffs were damaged in a sum in excess of $75,000.

## THIRD CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code § 17200. ET SEQ.

### (Unfair and Fraudulent Business Practices)

43.     Plaintiffs re-allege and incorporate herein by this reference, each and every allegation contained in paragraphs 1 through 42 of this Complaint as though fully set forth herein.

/ / /

/ / /

44.     Pursuant to <u>California Business & Professions Code</u>, Section 17200, unfair competition is defined in part as "any unlawful, unfair or fraudulent business act or practice."

45.     Pursuant to <u>California Business & Professions Code</u>, Section 17204, any person who engages, has engaged or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person or any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

46.     The conduct of Defendant described above herein was committed within the last three (3) years and constitutes unlawful, unfair and/or fraudulent business practices in violation of Section 17200 et seq. of the California Business and Professions Code in California common law.

47.     The conduct of Defendant was unlawful and unfair in that it failed to give Plaintiffs the use and benefit of the Domain Name. Furthermore, it disrupted Plaintiffs' economic relationships regarding the use of the Domain Name and/or Plaintiffs' various partners regarding the use of the Domain Name.

48.     As a direct and proximate result of the wrongful acts of Defendant, Plaintiffs have suffered and will continue to suffer substantial pecuniary losses and irreparable injury to its business reputation and good will. As such, no remedy at law is adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiffs are entitled to temporary, preliminary and permanent injunctive relief.

49.     By reasons of such wrongful acts, Plaintiffs are and were, and will be in the future, deprived of the profits and benefits of said business relationships, agreements, transactions with various existing clients, perspective clients, developers and/or

prospective developers, suppliers and Defendant has wrongfully obtained benefits and profits in a sum in excess of $75,000.

### FOURTH CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

50.    Plaintiffs re-allege and incorporate herein by this reference, each and every allegation contained in paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.    The Agreement entered into between Mr. Kwan and GoDaddy when Mr. Kwan purchased the Domain Name on behalf of Engage imposed upon Defendant an implied covenant of good faith and fair dealing requiring that Defendant not do anything that would injure the rights of Mr. Kwan and Engage to receive the benefits of the Agreement.

52.    Plaintiffs are informed and believe and based thereon allege that by reason of the transferring of the Domain Name out of Mr. Kwan's account to a third party without his authorization or approval, Defendant has breached the implied covenant of good faith and fair dealing.

53.    The actions by Defendant were undertaken with fraud, malice and/or oppression, and/or with a conscious disregard of the rights of Plaintiffs, and, therefore, Plaintiffs are entitled to an award of exemplary and punitive damages against Defendant.

54.    As a direct and proximate result of the actions of Defendant, Plaintiffs have suffered general, direct, consequential, special, and incidental damages, including the expenditure of attorney's fees, those damages all in a sum in excess of $75,000.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. **FIRST CAUSE OF ACTION (Negligence)**

1. For all general, direct, consequential, special, and incidental damages in a sum in excess of $75,000;

2. For the costs of suit incurred herein;

3. For Pre- and Post-Judgment Interest as allowed by law;

4. For Attorney's fees, as permitted by law;

5. For such other and further relief as the court deems just and proper.

**B. SECOND CAUSE OF ACTION (Negligent Interference with Prospective Economic Advantage)**

1. For all general, direct, consequential, special, and incidental damages in a sum in excess of $75,000;

2. For the costs of suit incurred herein;

3. For Pre- and Post-Judgment Interest as allowed by law;

4. For Attorney's fees, as permitted by law;

5. For such other and further relief as the court deems just and proper.

**C. THIRD CAUSE OF ACTION (Unfair and Fraudulent Business Practices)**

1. For disgorgement of any improper profits received by Defendant as a result of its improper conduct, in a sum in excess of $75,000;

2. For injunctive relief to ensure compliance with Cal. Bus. & Prof. Code § 17203;

3. For punitive and exemplary damages in a sum to be proven at trial;

4. For the costs of suit incurred herein;

5. For Pre- and Post-Judgment Interest as allowed by law;

6. For Attorney's fees, as permitted by law;

7. For such other and further relief as the court deems just and proper.

**D. FOURTH CAUSE OF ACTION (Breach of Implied Covenant of Good Faith and Fair Dealing)**

1. For all general, direct, consequential, special, and incidental damages in a sum in excess of $75,000;

2. For punitive and exemplary damages in a sum to be proven at trial;

3. For the costs of suit incurred herein;

4. For Pre- and Post-Judgment Interest as allowed by law;

5. For Attorney's fees, as permitted by law;

6. For such other and further relief as the court deems just and proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 4, 2021            **THE LAW OFFICE OF THAD M. SCROGGINS**

                                By:     /s/ Thad M. Scroggins
                                        Thad M. Scroggins, Esq.
                                        Attorney for Plaintiff,
                                        ENGAGE BDR, LLC and
                                        Plaintiff, KENNETH KWAN