1  Paula L. Zecchini (SBN No. 238731)
   Harper S. Seldin (*pro hac vice to be submitted*)
2  COZEN O'CONNOR
   999 Third Avenue, Suite 1900
3  Seattle, WA  98104
   Telephone: (206) 373-7213
4  Facsimile: (206) 455-8251
   Email:      pzecchini@cozen.com
5              hseldin@cozen.com

6  Attorneys for Defendant
   GODADDY INC.
7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10        WESTERN DIVISION – SPRING STREET COURTHOUSE

11

12 ENGAGE BDR, LLC, a California          Case No.: 2:21-cv-2014-JVS-AS
   limited liability company; KENNETH
13 KWAN, an individual;                   Assigned to:  Judge James V. Selna
                                          Magistrate Judge Alka Sagar
14              Plaintiffs
                                          **DEFENDANT GODADDY INC.'S**
15       vs.                              **MEMORANDUM OF LAW IN**
                                          **SUPPORT OF MOTION TO**
16 GODADDY INC., a Delaware               **DISMISS**
   corporation; DOES 1 through 10,
17 inclusive;

18              Defendants.

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.    **Introduction** ...............................................................................................1

II.   **Factual Background** ...................................................................................2

    A.    Background On GoDaddy.....................................................................2

    B.    GoDaddy's Universal Terms Of Service .............................................2

    C.    Allegations In The Complaint ..............................................................2

III.  **Legal Standard**...........................................................................................4

IV.   **Plaintiffs' Claims Are Time-Barred By The One Year Contractual
Limitation Period**........................................................................................5

    A.    The UTOS Has, At All Relevant Times, Contained A One Year
Limitations Period ..............................................................................5

    B.    A Contractual Limitation Period May Be Enforced At The Pleadings
Stage Based On The Parties' Contracts And Judicial Notice Of Key
Dates From Prior Pleadings ................................................................6

        1.    The Limitations Period Is Enforceable Against Plaintiffs As
GoDaddy Customers.................................................................7

        2.    Plaintiffs' Claims Accrued More Than One Year Before Plaintiffs
Filed Suit.................................................................................9

        3.    The Discovery Rule Does Not Apply Under The Alleged Facts ..11

    C.    Reasonable Contractual Limitations Periods Are Enforceable................12

V.    **Plaintiffs Fail To State Claims Upon Which Relief Can Be Granted** .........14

    A.    Plaintiffs Cannot State A Breach Of Contract Claim (Count I) Because
They Do Not Plead A Specific Contractual Breach................................14

    B.    Plaintiffs Cannot State A Negligence Claim (Count II) For Breach Of A
Contractual Duty, And There Is No Independent Duty Alleged .............15

C.    Plaintiffs Cannot State A Breach Of The Implied Covenant Of Good Faith And Fair Dealing Claim (Count III) Because They Do Not Identify A Specific Contractual Obligation Or Allege A Conscious, Deliberate Act By GoDaddy ...................................................................... 18

D.    Plaintiffs' Jury Demand Must Be Struck ................................................. 21

VI.    **Conclusion** ....................................................................................... **22**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aas v. Superior Ct.*,
   12 P.3d 1125 (Cal. 2000) ....................................................................... 16

*Alta Devices, Inc. v. LG Electronics, Inc.*,
   343 F. Supp. 2d 868 (N.D. Cal. 2018) .................................................... 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................. 4

*Berger v. Home Depot U.S.A., Inc.*,
   476 F. Supp. 2d 1174 (C.D. Cal. 2007) .................................................. 19

*Berk v. Coinbase, Inc.*,
   840 F. App'x 914 (9th Cir. 2020) ...................................................... 16, 17

*Buniatyan v. Volkswagen Grp. of Am., Inc.*,
   No. CV 16-336 PA (KSX), 2016 WL 6916824 (C.D. Cal. Apr. 25,
   2016) ......................................................................................................... 9

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ................................................................... 8

*Cannon v. Wells Fargo Bank N.A.*,
   917 F. Supp. 2d 1025 (N.D. Cal. 2013) ............................................ 21, 22

*Caraccioli v. Facebook, Inc.*,
   167 F. Supp. 3d 1056 (N.D. Cal. 2016) .................................................. 15

*Cole v. Sunnyvale*,
   No. C-08-05017 RMW, 2010 WL 532428 (N.D. Cal. Feb. 9, 2010) ............... 6, 10

*Daniels-Hall v. National Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) .................................................................... 4

*Dias v. Elique*,
   276 F. App'x 596 (9th Cir. 2008) ................................................... 4, 6, 10

*Donohue v. Apple, Inc.*,
  871 F. Supp. 2d 913 (N.D. Cal. 2012) ................................................................. 14

*Free Range Content, Inc. v. Google Inc.*,
  No. 14-CV-02329-BLF, 2016 WL 2902332 (N.D. Cal. May 13, 2016) .................. 7

*Gabriel Technologies Corp. v. Qualcomm Inc.*,
  857 F. Supp. 2d 997 (S.D. Cal. 2012) ............................................................ 10, 12

*Griffin v. Green Tree Servicing, LLC*,
  166 F. Supp. 3d 1030 (C.D. Cal. 2015) ................................................................ 19

*Hambrecht & Quist Venture Partners v. American Med. Int'l, Inc.*,
  38 Cal. App. 4th 1532 (1995) ............................................................................... 13

*Han v. Mobil Oil Corp.*,
  73 F.3d 872 (9th Cir. 1995) .................................................................................. 13

*Hillard v. TABC, Inc.*,
  No. CV 17-4434 FMO (SSX), 2017 WL 6940540 (C.D. Cal. Dec. 18,
  2017) ................................................................................................................ 10, 12

*Jablon v. Dean Witter & Co.*,
  614 F.2d 677 (9th Cir. 1980) .................................................................................. 6

*Janda v. T-Mobile USA*,
  378 F. App'x 507 (9th Cir. 2010) .......................................................................... 13

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .................................................................................. 9

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ................................................................................ 4

*Lucy Castaneda v. Flagstar Bank, FSB*,
  No. EDCV201400MWFSPX, 2021 WL 1232463 (C.D. Cal. Feb. 1,
  2021) ...................................................................................................................... 15

*McNeil v. Home Budget Loans*,
  No. CV 09-7588 ODW AJWX, 2010 WL 1999580, at *2 (C.D. Cal.
  May 13, 2010) .......................................................................................................... 6

*Mediterranean Enterprises, Inc. v. Sangyong Corp.*,
  708 F.2d 1458 (9th Cir. 1983) ................................................................................ 8

*Miron v. Herbalife Int'l, Inc.*,
    11 F. App'x 927 (9th Cir. 2001) ...................................................................... 15

*Mohsen v. Morgan Stanley & Co.*,
    No. CV1307358MWFASX, 2016 WL 9686985 (C.D. Cal. Mar. 24,
    2016) .......................................................................................................... 6, 10, 11

*Moreno v. Sanchez*,
    106 Cal. App. 4th 1415 (2003) ........................................................................ 13

*Office Depot v. Zuccarini*,
    596 F.3d 696 (9th Cir. 2010) ............................................................................. 2

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993) ............................................................................ 8

*Perez-Encinas v. AmerUs Life Ins. Co.*,
    468 F. Supp. 2d 1127 (N.D. Cal. 2006) ........................................................... 12

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
    737 F.3d 546 (9th Cir. 2013) ............................................................................. 2

*Pooshs v. Altria Grp., Inc.*,
    331 F. Supp. 2d 1089 (N.D. Cal. 2004) ........................................................... 10

*Sams v. Yahoo! Inc.*,
    713 F.3d 1175 (9th Cir. 2013) ........................................................................... 8

*Simmonds v. Catholic Healthcare West*,
    No. C 05-00268 MHP, 2005 WL 8162763 (N.D. Cal. July 5, 2005) ................. 8

*Soltani v. Western & S. Life Ins. Co.*,
    258 F.3d 1038 (9th Cir. 2001) ......................................................................... 13

*Spiegler v. Home Depot U.S.A., Inc.*,
    552 F. Supp. 2d 1036 (C.D. Cal. 2008) ........................................................... 19

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ..................................................................... 5, 6, 10

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
    782 F. Supp. 2d 1059 (E.D. Cal. 2011) ........................................................... 10

*Terpin v. AT&T Mobility, LLC*,
    399 F. Supp. 3d 1035 (C.D. Cal. 2019) ........................................................... 20

GODADDY INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

*Teyco Int'l v. Bosch Packaging Tech.*,
 No. CV 17-4001-MWF (FMX), 2017 WL 7171718 (C.D. Cal. Aug.
 15, 2017) ................................................................................................. 8

*Tracer Research Corp. v. National Envtl. Servs. Co.*,
 42 F.3d 1292 (9th Cir. 1994) ................................................................. 8

*Traynor v. Lexington Ins. Co.*,
 420 F. App'x 674 (9th Cir. 2011) ......................................................... 14

*Whitesides v. E\*TRADE Sec., LLC*,
 No. 20-CV-05803-JSC, 2021 WL 930794 (N.D. Cal. Mar. 11, 2021) ............ 17, 18

*WineStyles, Inc. v. GoDaddy.com, LLC*,
 No. CV 12-583-PHX-SRB, 2012 WL 8254047 (D. Ariz. Aug. 15,
 2012) ................................................................................................. 7, 13

*Young v. Facebook, Inc.*,
 No. 5:10-CV-03579-JF/PVT, 2010 WL 4269304 (N.D. Cal. Oct. 25,
 2010) ................................................................................................. 15

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................. 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................. 4

GODADDY INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiffs Engage BDR, LLC and Kenneth Kwan ("Plaintiffs") are out of time to bring suit for conduct that occurred in 2019 because Plaintiffs' agreement with Defendant GoDaddy Inc. ("GoDaddy") required them to bring any claims within one year.   Plaintiffs affirmatively plead that they purchased domain name registration renewals from GoDaddy, and Plaintiffs' exhibits—receipts for those renewals— demonstrate that their purchases were governed by GoDaddy's Universal Terms of Service ("UTOS").  GoDaddy's UTOS requires all claims arising under or related to GoDaddy's services to be brought within one year.

Plaintiffs originally alleged that the domain name hahajk.com (the "Domain Name") was removed from their account without their authorization in December 2019. *See* ECF No. 1 at ¶ 20.  Following meet and confer efforts in which GoDaddy advised Plaintiffs that their claims were time-barred based on the one year limitation period in the UTOS, Plaintiffs amended their complaint to omit that key date in favor of pleading the date when they allegedly discovered the transfer—December 2020.  *See* ECF No. 14 at ¶ 20.  But courts may take judicial notice of prior allegations when deciding motions to dismiss and consider the omission of key dates when determining the plausibility of claims.  Because the conduct complained of occurred more than one year before Plaintiffs filed their Complaint in March 2021, and the First Amended Complaint contains no allegations demonstrating that Plaintiffs are entitled to the benefit of the discovery rule, all of Plaintiffs' claims are time-barred.

But even if this Court considered the substance of Plaintiffs' First Amended Complaint, all three of Plaintiffs' claims fail as a matter of law. First, Plaintiffs cannot state a breach of contract claim because they do not identify a specific contractual provision that GoDaddy breached.  Second, Plaintiffs cannot state a negligence claim because they do not plead the breach of any duties independent of the parties' contractual relationship.  Third, Plaintiffs cannot state a claim for breach of the implied covenant of good faith and fair dealing because they do not plead either the contractual

provision from which the implied covenant arises or a conscious, deliberate act by GoDaddy. For these reasons, as set forth in greater detail below, Plaintiffs' First Amended Complaint should be dismissed

## II.   FACTUAL BACKGROUND

### A.   Background On GoDaddy

GoDaddy is the world's largest domain name registrar, with over 82 million domain names under management and 18 million customers worldwide. *See* Declaration of Jessica Hanyen ("Hanyen Decl.") ¶ 3; *see also* First Amended Complaint ("FAC") ¶ 14 (alleging that GoDaddy is a domain name registrar). A domain name registrar manages the reservation of Internet domain names registered through it by members of the public. *See* Hanyen Decl. ¶ 3; *see also Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d 546, 548 (9th Cir. 2013) (describing GoDaddy and its services, including as a registrar); *Office Depot v. Zuccarini*, 596 F.3d 696, 699 (9th Cir. 2010) (explaining that registrars maintain ownership records for domain names they have registered with a registry). Domain names function as addresses that enable Internet users to easily access the domain name owners' websites. *See* Hanyen Decl. ¶ 3; *Zuccarini*, 596 F.3d at 698-99 (explaining the function of domain names).

### B.   GoDaddy's Universal Terms Of Service

GoDaddy provides services pursuant to its Universal Terms of Service ("UTOS"). *See* Hanyen Decl. ¶ 9. All GoDaddy customers must affirmatively agree to the UTOS, and any related agreements, before GoDaddy will provide products and services. *See* Hanyen Decl. ¶¶ 10-11. For example, customers registering domain names, must agree to both the UTOS as well as the Domain Name Registration Agreement ("DNRA"). *See* Hanyen Decl. ¶¶ 10.

Among other provisions, the UTOS contains a one year limitation period for bringing claims against GoDaddy. *See* Hanyen Decl. ¶ 15. That provision has been in effect since at least 2010. *See* Hanyen Decl. ¶ 16.

### C.   Allegations In The Complaint

Plaintiffs Engage BDR, LLC and Kenneth Kwan ("Plaintiffs") registered the domain name hahajk.com (the "Domain Name") with GoDaddy on July 2, 2009. *See* FAC ¶¶ 15, 23 & Ex. A. Plaintiffs renewed the registration for the Domain Name on May 19, 2014. *See* FAC ¶¶ 16, 24 & Ex. B. Plaintiffs most recently renewed the registration for the Domain Name on July 2, 2016. *See* FAC ¶¶ 16, 24 & Ex. C. The receipts Plaintiffs received from GoDaddy for the renewals of the Domain Name on May 19, 2014 and July 2, 2016 both provided that "By using these products, you agree that you are bound by the Universal Terms of Service and Privacy Policy." FAC Ex. B at Page ID #:79; Compl. Ex. C. at Page ID #:82. Plaintiffs allege that they are GoDaddy customers and entered into contracts with GoDaddy on July 2, 2009, May 19, 2014, and July 2, 2016. *See* FAC ¶¶ 23-25.

Plaintiffs allege that on or about October 19, 2019 GoDaddy experienced a security breach affecting Plaintiffs' account "in which he purchased and held the Domain Name." FAC ¶ 18. "Upon information and belief" Plaintiffs allege that the Doe Defendants "breached/hacked Defendant's system and got into Mr. Kwan's account and transferred the multiple domain names off under that account, including but not limited to the Domain Name." FAC ¶ 21. Plaintiffs alleged in their original Complaint that the Domain Name was transferred "On or about December 2019," *see* ECF No. 1 at ¶ 20, but omit that allegation from their First Amended Complaint in favor of an allegation that they discovered the missing Domain Name in December 2020. *See* FAC ¶ 20.

On March 4, 2021—almost one year and five months after the alleged account breach, and one year and three months after the alleged transfer—Plaintiffs filed a Complaint, alleging claims against GoDaddy for negligence, negligent interference with prospective economic advantage, violation of Cal. Bus. & Prof. Code § 17200 (unfair and fraudulent business practices), and breach of the implied covenant of good faith and fair dealing. *See* ECF No. 1. Plaintiffs filed their First Amended Complaint

on May 20, 2021, alleging claims against GoDaddy for breach of contract, negligence, and breach of implied covenant of good faith and fair dealing.  *See* ECF No. 14.

## III.   LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action . . . do not suffice."  *Id.*  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

"Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotations omitted).  This "incorporation by reference" doctrine extends to instances when the plaintiff "does not explicitly allege the contents of that document in the complaint," but the plaintiff's claim "depends on the contents of the document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Courts may also take "judicial notice of matters of public record outside the pleadings and consider them for purposes of a motion to dismiss," and the court is "not obligated to accept as true allegations raised in the complaint that are contradicted by prior proceedings of which judicial notice is properly taken." *Dias v. Elique*, 276 F.

App'x 596, 598 (9th Cir. 2008); *accord Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.   PLAINTIFFS' CLAIMS ARE TIME-BARRED BY THE ONE YEAR CONTRACTUAL LIMITATION PERIOD

Plaintiffs' claims are time-barred by the one year contractual limitation period in GoDaddy's UTOS, which has been a term in contract since at least 2010, and was in effect on both May 18, 2014 and July 2, 2016 when Plaintiffs renewed their Domain Name registration.   The limitation period is enforceable against Plaintiffs at this procedural juncture because it is apparent from the face of the pleadings that Plaintiffs brought their claims more than one year after they accrued, and the UTOS is incorporated by reference into the pleadings.   Moreover, the limitation period is enforceable against Plaintiffs because it is reasonable, as demonstrated in part by its enforcement by other courts in the Ninth Circuit against similarly situated plaintiffs.

### A.   The UTOS Has, At All Relevant Times, Contained A One Year Limitations Period

As set forth in the exhibits that Plaintiffs attached to their First Amended Complaint, the UTOS governs Plaintiffs' renewal of the Domain Name.   *See* FAC Ex. B at Page ID #:79; FAC Ex. C. at Page ID #:82.   The UTOS contains a one year limitation period and contained that limitation period when Plaintiffs renewed their Domain Name registration on May 18, 2014 and July 2, 2016.   *See* Hanyen Decl. ¶ 14. Under the UTOS, claims or disputes must be filed within a one year period, and claims that are not filed within one year will "be permanently barred."   *See* Hanyen Decl. ¶ 15, Ex. A § 22(J), Ex. D § 15, & Ex. E § 15.   The claims or disputes governed by that one year limitation period include all disputes with GoDaddy, meaning any cause of action "ARISING OUT OF OR RELATED TO THIS SITE OR THE SERVICES FOUND AT THIS SITE."   Hanyen Decl. ¶ 15, Ex. D § 15, & Ex. E § 15; *see also* Hanyen Decl. ¶ 15 & Ex. A at § 22(A), (J).   That one year period governing all disputes with GoDaddy was in effect when Plaintiffs renewed the Domain Name registration on May 18, 2014

1  and July 2, 2016.  *See* Hanyen Decl. ¶ 16, Ex. D § 15 (causes of action must be brought

2  within one year or are permanently barred), & Ex. E § 15 (same).

**B.**    **A Contractual Limitation Period May Be Enforced At The Pleadings**
          **Stage Based On The Parties' Contracts And Judicial Notice Of Key**
          **Dates From Prior Pleadings**

The Court may consider the contractual limitation period at the pleadings stage
because Plaintiffs' First Amended Complaint incorporates by reference and necessarily
relies upon the UTOS, and it is apparent from the face of the pleadings that the
Plaintiffs' claims accrued more than one year before they filed suit.  "When the face of
the complaint reveals that a claim is barred by the applicable statute of limitations, the
plaintiff will fail to state a claim."  *McNeil v. Home Budget Loans*, No. CV 09-7588
ODW AJWX, 2010 WL 1999580, at *2 (C.D. Cal. May 13, 2010) (citing *Jablon v.
Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).  When the "running of the
statute is apparent on the face of the complaint, the defense may be raised by a motion
to dismiss."  *Jablon*, 614 F.2d at 682.  Even if the defense is not apparent from the face
of the complaint, the court may consider affidavits regarding the issue and treat the
motion to dismiss as one for summary judgment.  *See id.*  Courts may take "judicial
notice of matters of public record outside the pleadings and consider them for purposes
of a motion to dismiss," and the court is "not obligated to accept as true allegations
raised in the complaint that are contradicted by prior proceedings of which judicial
notice is properly taken."  *Dias*, 276 F. App'x at 598; *accord Sprewell*, 266 F.3d at 988.
Courts consider prior allegations even in superseded complaints as part of a "context-
specific inquiry based on its judicial experience and common sense" on motions to
dismiss.  *See Cole v. Sunnyvale*, No. C-08-05017 RMW, 2010 WL 532428, at *4-5
(N.D. Cal. Feb. 9, 2010).  Specifically, courts take judicial notice of key dates omitted
from subsequent pleadings.  *See, e.g.*,  *Mohsen v. Morgan Stanley & Co.*, No.
CV1307358MWFASX, 2016 WL 9686985, at *4 (C.D. Cal. Mar. 24, 2016), aff'd, 695
F. App'x 313 (9th Cir. 2017).

GODADDY INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

1.   The Limitations Period Is Enforceable Against Plaintiffs As GoDaddy Customers

Plaintiffs affirmatively plead that they are GoDaddy customers, *see* FAC ¶¶ 15-17, and that by registering the Domain Name with GoDaddy, they agreed to be bound by the UTOS. *See* FAC Ex. B at Page ID #:79; FAC Ex. C. at Page ID #:82.  Plaintiffs' agreement to the UTOS was a prerequisite to their purchase and use of GoDaddy products and services.  *See* Hanyen Decl. ¶ 11; FAC Ex. B at Page ID #:29, Ex. C. at Page ID #:82.

The District of Arizona has enforced GoDaddy's one year limitation period at the motion to dismiss stage against a similarly situated plaintiff.  *See WineStyles, Inc. v. GoDaddy.com, LLC*, No. CV 12-583-PHX-SRB, 2012 WL 8254047, at *3 (D. Ariz. Aug. 15, 2012).  In *WineStyles*, plaintiff registered domain names with GoDaddy for which it received free private registration services, but plaintiff sued GoDaddy after being charged for private registration services when plaintiff subsequently renewed its domain name registrations.  *Id.* at *1.  The district court dismissed plaintiffs' contract and tort claims based on the one year limitation period contained in the UTOS, which it held was neither unconscionable nor substantively unreasonable.  *Id.* at *3.  *WinesStyles* is one illustration of the general proposition that private statutes of limitation may bar claims in their entirety.  *See Free Range Content, Inc. v. Google Inc.*, No. 14-CV-02329-BLF, 2016 WL 2902332, at *13 (N.D. Cal. May 13, 2016) (granting motion to dismiss because 30 days was a reasonable time for party to notify Google of a payment dispute).  Here, like in *WineStyles*, Plaintiffs agreed to the UTOS when they renewed the registration of their Domain Name.  Here, as in *WineStyles*, Plaintiffs brought suit more than a year after their claims accrued, and their claims are therefore time-barred.

Moreover, the limitation period governs all of Plaintiffs' claims.  The UTOS and its limitation period govern all disputes arising under or relating to GoDaddy's services and products.  *See* Hanyen Decl. § 16, Ex. A § 22(J), Ex. D § 15, & Ex. E § 15.  The

"arising under or relating to" language has a broad scope. For example, when an arbitration clause covers disputes "arising under" an agreement, it covers disputes "relating to the interpretation and performance of the contract itself." *See Tracer Research Corp. v. National Envtl. Servs. Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994). Language covering disputes "arising under" and "relating to" an agreement is even broader. *See Mediterranean Enterprises, Inc. v. Sangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983). GoDaddy's limitation period, therefore, broadly covers all of the claims brought by Plaintiffs, which arise under or relate to Plaintiffs' registration of the Domain Name with GoDaddy and their use of GoDaddy's products or services.

That Plaintiffs did not attach the UTOS to the First Amended Complaint is no impediment to its consideration or enforcement: courts grant motions to dismiss based on contractual limitations periods appearing in contracts that were not attached to the complaint but considered via judicial notice under the incorporation by reference doctrine. *See Teyco Int'l v. Bosch Packaging Tech.*, No. CV 17-4001-MWF (FMX), 2017 WL 7171718, at *1 (C.D. Cal. Aug. 15, 2017) (citing *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013)). On motions to dismiss, the court may consider (without conversion to summary judgment) "documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." *Sams*, 713 F.3d at 1179. As also set forth in GoDaddy's contemporaneously filed Request for Judicial Notice ("RJN"), the incorporation by reference doctrine prevents plaintiffs from avoiding dismissal through artful pleading, or by "failing to attach or explicitly cite" documents on which their complaint is based. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). *See also Simmonds v. Catholic Healthcare West*, No. C 05-00268 MHP, 2005 WL 8162763, at *7 (N.D. Cal. July 5, 2005) (citing *Burlington Coat Factory* for the proposition that the incorporation by reference exception "guard[s] against a plaintiff who fails to incorporate [documents] by reference in the complaint as a means of avoiding" dismissal); *see further Pension Ben. Guar. Corp. v. White Consol. Indus.*,

*Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."); *Buniatyan v. Volkswagen Grp. of Am., Inc.*, No. CV 16-336 PA (KSX), 2016 WL 6916824, at *3 (C.D. Cal. Apr. 25, 2016) ("One purpose of the incorporation by reference rule is to prevent a plaintiff from quoting an isolated statement from a document in the complaint, when the complete document refutes the allegations.") (internal alterations, quotations, and citations omitted).

Plaintiffs' First Amended Complaint relies upon the UTOS: the only basis for Plaintiffs' relationship with GoDaddy is Plaintiffs' registration and renewal of the Domain Name, which according to Plaintiffs' own exhibits, required agreement to the UTOS. The UTOS, therefore, is fairly read as part of the First Amended Complaint, and Plaintiffs' failure to attached the UTOS does not permit them to avoid the application of its terms, including the one year limitation period. The incorporation by reference doctrine, "designed to prevent artful pleading," also "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-03 (9th Cir. 2018).

As set forth in the Hanyen Declaration, true and authentic copies of GoDaddy's UTOS are readily available online, and the particular clause at issue—the one year limitation period—was in effect when Plaintiffs renewed their registration for the Domain Name. *See* Hanyen Decl. ¶ 15. The Court may therefore consider the UTOS when deciding GoDaddy's Motion to Dismiss without conversion to summary judgment, and, as set forth below, should enforce the limitation period to dismiss Plaintiffs' claims as time-barred.

2.    Plaintiffs' Claims Accrued More Than One Year Before Plaintiffs
      Filed Suit

Plaintiffs' claims are barred by the contractual limitation period because those claims accrued more than one year before Plaintiffs filed suit, and the First Amended

Complaint does not contain any well-pled factual allegations that Plaintiffs are entitled to the benefit of the discovery rule.  Claims for breach of contract accrue "at the time of the breach" and the limitation period begins to run "regardless of whether any damage is apparent or whether the injured party is aware of their right to sue." *Gabriel Technologies Corp. v. Qualcomm Inc.*, 857 F. Supp. 2d 997, 1010 (S.D. Cal. 2012). Tort claims accrue when the injury occurs.  *See Hillard v. TABC, Inc.*, No. CV 17-4434 FMO (SSX), 2017 WL 6940540, at *3 (C.D. Cal. Dec. 18, 2017); *see also Pooshs v. Altria Grp., Inc.*, 331 F. Supp. 2d 1089, 1092 (N.D. Cal. 2004) (limitations periods begin to run "when the cause of action is complete with all its elements") .

Although the date is omitted from the First Amended Complaint, Plaintiffs affirmatively plead that the transfer occurred in December 2019, more than one year before they filed suit, in the original Complaint**.**  *Compare* ECF No. at ¶ 20 (pleading that "On or about December 2019, GoDaddy transferred the Domain [N]ame out of Mr. Kwan's account…") *with* ECF No. 14 at ¶ 20 (pleading that "On or about December 22, 2020, Mr. Kwan discovered that GoDaddy had transferred the Domain [N]ame out of Mr. Kwan's account…").

Plaintiffs cannot avoid the application of the UTOS through artful pleading, including strategic omissions of key dates in subsequent pleadings.  *See Mohsen*, 2016 WL 9686985, at *4-5.  Courts may take "judicial notice of matters of public record outside the pleadings and consider them for purposes of a motion to dismiss," and the court is "not obligated to accept as true allegations raised in the complaint that are contradicted by prior proceedings of which judicial notice is properly taken." *Dias*, 276 F. App'x at 598; *accord Sprewell*, 266 F.3d at 988.  Courts consider prior allegations even in superseded pleadings as part of a "context-specific inquiry based on its judicial experience and common sense" on motions to dismiss.  *See Cole*, 2010 WL 532428, at *4-5 (granting motion to dismiss in consideration of the third amended complaint and "the facts alleged in prior iterations of the pleading"); *see also Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1075-76 (E.D. Cal. 2011) ("The Court

does not ignore the prior allegations in determining the plausibility of the current pleadings.").

The Central District of California's decision in *Mohsen* is instructive.  In *Mohsen*, the plaintiff "omi[tted] key dates" that were "readily supplied" in prior proceedings. *Mohsen*, 2016 WL 9686985, at *4.  Granting the motion to dismiss, court explained that it was "not required to turn a blind eye to Plaintiff's prior pleadings that bear on the plausibility of Plaintiff's claim" and cited with approval cases for the proposition that other courts "have similarly considered prior complaints and granted motions to dismiss on claims that are clearly time-barred on the face of the previous pleadings," and "have disregarded new allegations in favor of those made in earlier pleadings when the new allegations are designed to avoid dismissal." *Id.* at *5.

This Court should do the same as the court in *Mohsen* and take judicial notice of Plaintiffs' prior allegation that the Domain Name was transferred from Plaintiffs' account in December 2019.  The First Amended Complaint does not contradict that allegation, but rather, like the complaint in *Mohsen*, omits a key date to avoid dismissal. Moreover, there are no allegations in the First Amended Complaint to suggest that the date of the alleged discovery of the transfer, instead of the date of the transfer itself, should apply to trigger the limitation period.  Plaintiffs should not be permitted, through artful pleading or strategic omissions, to avoid a facial time bar that the parties agreed to as part of GoDaddy's provision of services to Plaintiffs.

### 3.   The Discovery Rule Does Not Apply Under The Alleged Facts

Although Plaintiffs now plead that they did not discover the transfer of the Domain Name until December 2020, there are no allegations in the First Amended Complaint to suggest that they are entitled to the benefit of the discovery rule.  Under California's discovery rule, which only applies "in select cases" where (1) the injury was difficult to detect, (2) defendant was in a "far superior position" to know of the injury, (3) defendant "had reason to believe the plaintiff remained ignorant he had been wronged," in which case the claim accrues when the plaintiff "discovers or could have

discovered, through the exercise of reasonable diligence, all the facts essential to his cause of action." *Gabriel*, 857 F. Supp. 2d at 1010.  Where the breach is not difficult to detect, and the defendant had no reason to believe that the plaintiff remained ignorant of the circumstances, the discovery rule does not apply.  *See Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1135-36 (N.D. Cal. 2006).  The discovery rule applies only "where it is manifestly unjust to deprive plaintiffs of a cause of action before they are aware that they have been injured." *Alta Devices, Inc. v. LG Electronics, Inc.*, 343 F. Supp. 2d 868, 885 (N.D. Cal. 2018).  Otherwise, claims accrue on the date of breach or injury.  *See Gabriel*, 857 F. Supp. 2d at 1010; *Hillard*, 2017 WL 6940540, at *3.

Plaintiffs are not entitled to the benefit of the discovery rule—even though they now claim to have discovered the transfer on December 22, 2020, *see* FAC ¶ 20—because there are no allegations that it was difficult to detect the absence of the Domain Name from Plaintiffs' account, that GoDaddy had superior knowledge of the status of the Domain Name, and or that GoDaddy knew that Plaintiffs were unaware of activity in their account related to the Domain Name.  Indeed, Plaintiffs could have determined, at any time, whether the Domain Name was still present in their account, whereas GoDaddy would only know that the transfer of the Domain Name was unauthorized if Plaintiffs brought that to GoDaddy's attention.  Moreover, there are no allegations that GoDaddy had any role in concealing or preventing Plaintiffs from determining the status of the Domain Name, nor could there be: Plaintiffs can determine the holdings in their account by logging in.

Under the UTOS, Plaintiffs were required to bring their claims within one year of December 2019, when the Domain Name allegedly transferred out of their account. They do not plead any facts demonstrating entitlement to the benefit of the discovery rule, nor can they avoid dismissal by removing allegations with the key fact of the date of injury, i.e., December 2019.

**C.      Reasonable Contractual Limitations Periods Are Enforceable**

The one year contractual limitation period is enforceable because it is reasonable, and other courts in the Ninth Circuit have already enforced GoDaddy's limitation period in the UTOS under similar circumstances. "California permits contracting parties to agree upon a shorter limitations period for bringing an action than that prescribed by statute, so long as the time allowed is reasonable." *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir. 1995). California courts enforce such reasonable, shortened limitations periods, including shortening the four year statute of limitations for breach of contract to three months, six months, or a year. *See Hambrecht & Quist Venture Partners v. American Med. Int'l, Inc.*, 38 Cal. App. 4th 1532, 1548, 46 Cal. Rptr. 2d 33, 42-43 (1995). A reasonable period is one that "provides sufficient time to effectively pursue a judicial remedy." *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1430, 131 Cal. Rptr. 2d 684, 695 (2003). Although shorter periods are enforceable, *see Hambrecht*, 38 Cal. App. 4th at 1548, 46 Cal. Rptr. 2d at 42-43, a contractual period "requiring a plaintiff to commence an action within 12 months following the event giving rise to a claim is a reasonable limitation which generally manifests no undue advantage and no unfairness." *Han*, 73 F.3d at 877.

The District of Arizona has already held the that limitation period in the UTOS is reasonable and enforceable. *See WineStyles, Inc. v. GoDaddy.com, LLC*, No. CV 12-583-PHX-SRB, 2012 WL 8254047, at *3 (D. Ariz. Aug. 15, 2012) (enforcing the one year limitation period, which was present in the UTOS when plaintiff renewed its domain name registrations, by dismissing plaintiff's claims and citing to *Han*, 73 F.3d at 877). Moreover, it does not matter that GoDaddy's UTOS is a standardized contract because "[e]ven if a contract is one of adhesion, a provision shortening the applicable statute of limitations is enforceable so long as the limitations period is substantively reasonable." *Janda v. T-Mobile USA*, 378 F. App'x 507, 709 (9th Cir. 2010) (affirming order granting motion to dismiss based on enforcement of one year limitation period in cell phone carrier service agreement); *see also Soltani v. Western & S. Life Ins. Co.*, 258 F.3d 1038, 1044-45 (9th Cir. 2001) (six month contractual limitation of liability

enforceable, even assuming contract was a non-negotiable adhesion contract); *accord Traynor v. Lexington Ins. Co.*, 420 F. App'x 674, 674 (9th Cir. 2011) (affirming dismissal based on one year limitations period and noting "numerous California cases confirm[ing] that 12 months" is "reasonable").

GoDaddy's one year limitation period, and limitation periods like it, are enforced under circumstances such as these.

## V. PLAINTIFFS FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Even if the Court considered the substance of Plaintiffs' claims—which are time-barred under the UTOS—Plaintiffs have still failed to state claims upon which relief can be granted.  First, Plaintiffs cannot plead a breach of contract claim because they do not plead the specific contractual provisions under which GoDaddy allegedly failed to perform.  Second, Plaintiffs cannot state a negligence claim for breach of contractual terms absent allegations of independent duties, which are not pled.  Third, Plaintiffs cannot state a claim for breach of the implied covenant of good faith and fair dealing because they do not plead either the contractual provision from which the implied covenant arises or a conscious, deliberate act by GoDaddy.  Finally, Plaintiffs' jury demand must be struck under the terms of the UTOS.  For these reasons, as set forth in greater detail below, Plaintiffs' First Amended Complaint should be dismissed.

### A. Plaintiffs Cannot State A Breach Of Contract Claim (Count I) Because They Do Not Plead A Specific Contractual Breach

Plaintiffs affirmatively plead that their relationship with GoDaddy is governed by contract.  *See* FAC ¶¶ 15-17.  But Plaintiffs do not plead what, if any, contractual provisions GoDaddy breached, instead pleading in generalities.  *See* FAC ¶¶ 29-34.  A plaintiff bringing a breach of contract claim must "plead the existence of a contract, his performance of the contract or excuse for nonperformance, the defendant's breach and resulting damages."  *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012)  General allegations of breach are insufficient: "the complaint must identify the **specific**

**provision of the contract** allegedly breached by the defendant." *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (emphasis supplied). Similarly, general allegations that a company has violated its terms of use or other policies do not state a claim for breach of contract. *See Young v. Facebook, Inc.*, No. 5:10-CV-03579-JF/PVT, 2010 WL 4269304, at *3 (N.D. Cal. Oct. 25, 2010). Where plaintiffs "failed to allege any provision of the contract which supports their claim," such breach of contract claims are appropriately dismissed, because "the writing must express the obligation sued upon." *Miron v. Herbalife Int'l, Inc.*, 11 F. App'x 927, 929 (9th Cir. 2001).

Plaintiffs do not plead what specific contractual provisions GoDaddy breached or failed to perform under, instead offering only general allegations that GoDaddy breached its contracts. Such a lack of specificity does not survive a motion to dismiss, and Plaintiffs' breach of contract claim should be dismissed for failure to state a claim.

**B.   Plaintiffs Cannot State A Negligence Claim (Count II) For Breach Of A Contractual Duty, And There Is No Independent Duty Alleged**

Plaintiffs cannot state a negligence claim because their relationship with GoDaddy is contractual and Plaintiffs do not plead any independent duties owed by GoDaddy to Plaintiffs, nor could they plead any such duties. Plaintiffs' relationship with GoDaddy is contractual in nature: their agreement is the UTOS and DNRA. "It is well established under California law that a plaintiff cannot recover in tort for a breach of contractual duty unless the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Lucy Castaneda v. Flagstar Bank, FSB*, No. EDCV201400MWFSPX, 2021 WL 1232463, at *4 (C.D. Cal. Feb. 1, 2021) (internal citations, quotations, and alterations omitted) (dismissing negligence claim premised on duties allegedly arising from contract with defendant). "A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations. Instead, courts will generally enforce the breach of a contractual promise through

contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies." *Aas v. Superior Ct.*, 12 P.3d 1125, 1135 (Cal. 2000), *superseded on by statute on another ground as stated in Rose v. State Farm Gen. Ins. Co.*, 70 P.3d 351 (Cal. 2003).  Conduct "amounting to a breach of contract becomes tortious when it also violates a duty independent of the contract arising from principles of tort law." *Id.* at 1136.

There are no non-conclusory allegations in the First Amended Complaint regarding any such independent duty owed by GoDaddy to Plaintiffs: Plaintiffs' only allegation that is not duplicative of their contract claim-related allegation is that GoDaddy owed a duty "to otherwise exercise due care with respect to the matter alleged." FAC ¶ 40(f).

"As a general rule, California law provides a business entity has no duty to prevent financial loss to others with whom it deals directly." *Berk v. Coinbase, Inc.*, 840 F. App'x 914, 914 (9th Cir. 2020) (internal quotations and citations omitted).  In *Berk*, the user agreement provided that any disputes arising under the agreement must be settled in binding arbitration.  *See id.*  A claim "arises under" an agreement when it "relat[es] to the interpretation and performance of the contract itself." *Id.*  Although plaintiffs framed their claim as "negligence" with respect to how defendant operated its exchange for buying and selling cryptocurrency, the Ninth Circuit held that the claim related to the interpretation and performance of the user agreement, and therefore was encompassed by the arbitration cause.  *See id.*  The Ninth Circuit also held that the defendant did not have an independent duty of care to "ensure a functioning marketplace" for cryptocurrency exchange outside of the user agreement," and because plaintiffs and defendant were "in privity" via their contract California's narrow exception to that rule did not apply.  *Id.*

Not only does the First Amended Complaint fail to plead any independent duties owed by GoDaddy to Plaintiffs, except in a conclusory fashion, *see* FAC ¶ 40(f), but also all of the claims in the First Amended Complaint arise under or relate to the UTOS

GODADDY INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

itself.  *Compare* FAC ¶¶ 29-34 (claiming breach by failing "to provide adequate security" for the hosting account, "to provide adequate security mechanisms" to protect the Domain Name from transfer, "to contact Mr. Kwan to obtain authorization to transfer the Domain Name," "to contact Mr. Kwan to verify any request to transfer the Domain Name," "to adequately warn Mr. Kwan of the possibility of an unauthorized transfer") *with* FAC ¶ 40(a)-(e) (claiming GoDaddy had tort duties to "provide adequate security" for the hosting account, "provide adequate security mechanisms" to protect the Domain Name from transfer, "to contact Mr. Kwan to obtain authorization to transfer the Domain Name," "to contact Mr. Kwan to verify any request to transfer the Domain Name," and "to adequately warn Mr. Kwan of the possibility of an unauthorized transfer").  Like the plaintiffs in *Berk*, Plaintiffs here attempt to describe a failure to fulfill contractual obligations as tort claims.  But regardless of how Plaintiffs style their claims, all their grievances arise under or relate to GoDaddy's provision of domain name registration services to them under the UTOS and DNRA and are contractual in nature.  And like the defendant in *Berk*, GoDaddy also has no independent duty of care to Plaintiffs to outside of the UTOS to guard against financial losses, ensure a functioning customer account system for holding domain names, or otherwise.

Although California allows for negligence claims in some circumstances where there has been a breach of contract harming a third party who is not in privity with the defendant, California courts have declined to extend that exception to cases where the parties are in privity with each other.  *See Berk*, 840 F. App'x at 914.  Because Plaintiffs and GoDaddy are in privity via the UTOS and DNRA, Plaintiffs cannot state tort claims against GoDaddy based on their contractual relationship.  There is a minority view predicting that the California Supreme Court would require courts to evaluate the particular policy considerations in each case to determine if a special relationship existed to give rise to an independent duty of care, even in cases where parties are in privity, *see Whitesides v. E\*TRADE Sec., LLC*, No. 20-CV-05803-JSC, 2021 WL 930794, at \*6 (N.D. Cal. Mar. 11, 2021); however, consideration of those factors does

not change the result here.  In *Whitesides*, after considering six factors—" (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm"—the district court held that no special relationship existed.  *Whitesides*, 2021 WL 930794, at *6.

Applying the analysis from *Whitesides*, GoDaddy's customer account system, like E*TRADE's trading platform, "was not intended to affect Plaintiffs in any way particular to Plaintiffs," and there was no "specific intent to them," weighing against finding a duty of care.  *Id.*  GoDaddy is the world's largest domain name registrar and has tens of millions of customers.  *See* Hanyen Decl. ¶ 3.  There are no allegations that there was any specific intent by GoDaddy to harm Plaintiffs, or that the alleged security breach affected Plaintiffs particularly over and above other customers, or that imposing tort liability here would prevent similar future harm.  The general rule—contractual privity precludes tort liability absent independent duties—applies in this instance to bar Plaintiffs' negligence claim, and even applying the minority rule—evaluating on a case by case basis whether tort liability should be imposed between parties in privity—does not change that result.

Because Plaintiffs cannot bring a negligence claim arising under a contractual agreement and fail to plead any independent duties owed by them to GoDaddy, Plaintiffs fail to state a claim for relief sounding in negligence (Count II).

**C.    Plaintiffs Cannot State A Breach Of The Implied Covenant Of Good Faith And Fair Dealing Claim (Count III) Because They Do Not Identify A Specific Contractual Obligation Or Allege A Conscious, Deliberate Act By GoDaddy**

Plaintiffs cannot state a claim for breach of the implied covenant of good faith and fair dealing because they do not identify a specific contractual provision from which

the implied covenant arises, and there are no allegations of a conscious, deliberate act by GoDaddy.  A claim for breach of the implied covenant of good faith and fair dealing in California requires: "(1) the implication must arise from the language used or it must be indispensable to effectuate the intention of the parties; (2) it must appear from the language used that it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it; (3) implied covenants can only be justified on the grounds of legal necessity; (4) a promise can be implied only where it can be rightfully assumed that it would have been made if attention had been called to it; (5) there can be no implied covenant where the subject is completely covered by the contract." *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036, 1053 (C.D. Cal. 2008), *aff'd sub nom. Spiegler v. Home Depot USA, Inc.*, 349 F. App'x 174 (9th Cir. 2009).

To state a claim, a plaintiff must allege "the specific contractual obligation from which the implied covenant of good faith and fair dealing arose." *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1048 (C.D. Cal. 2015).  The implied covenant must be anchored to an existing contractual obligation because the implied covenant does not create new contractual obligations, "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement," and "implied terms should never be read to vary express terms." *Spiegler*, 552 F. Supp. 2d at 1054.  Implied covenants "are justified only when they are not inconsistent with some express term of the contract and, in the absence of such implied terms, the contract could not be effectively performed." *Id.*  Therefore, any "implied covenant will not apply where no express term exists on which to hinge an implied duty, and where there has been compliance with the contract's express terms." *Berger v. Home Depot U.S.A., Inc.*, 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007).

Plaintiffs do not allege from which contractual provision in the UTOS or DNRA the implied covenant arises.  Instead, Plaintiffs plead that the parties' contract "imposed upon [GoDaddy] an obligation not to transfer the Domain [N]ame out of [Plaintiffs'] account to a third party without his authorization or approval," and "imposed upon

[GoDaddy] an implied covenant of good faith and fair dealing requiring that Defendant not do anything that would injure the rights of Mr. Kwan and Engage to receive the benefits of the Agreement." FAC ¶¶ 47-48. Plaintiffs cannot state the implied covenant in such vague terms: they must anchor it to a specific contractual obligation. Moreover, the parties' agreement—i.e., the UTOS and DNRA—does not provide for such sweeping protections to Plaintiffs. Quite the opposite: for example, the DNRA gives GoDaddy discretion not to transfer domain names for any reason, including the locked status of the domain name, how recently the domain name was transferred, and disputes over the identity of the domain holder. *See* Hanyen Decl. ¶ 10 & Ex. B § 2.B. Plaintiffs' proposed implied covenant facially contradicts and is inconsistent with GoDaddy's authority under the DNRA and UTOS, which is one of many reasons why Plaintiffs are required to show from which specific contractual provision their implied covenant arises.

Plaintiffs also fail to allege a deliberate, conscious act by GoDaddy, which is required for a breach of the implied covenant. The allegations must show "that the conduct of the defendant ... demonstrates a failure or refusal to discharge contractual responsibilities ... by a conscious and deliberate act." *Terpin v. AT&T Mobility, LLC*, 399 F. Supp. 3d 1035, 1050 (C.D. Cal. 2019). It is not enough to allege that the defendant failed to comply with its own policies: plaintiff must plead the defendant "refused to discharge their contractual responsibilities through a conscious or deliberate act to frustrate their contractual agreement." *Id.* Plaintiffs do not allege which contractual responsibility GoDaddy breached, which is fatal to their claim. Further, Plaintiffs do not allege a conscious, deliberate act intended to frustrate the their agreement with GoDaddy. Instead, Plaintiffs allege that GoDaddy, as a result of the Doe Defendants breaching or hacking Plaintiffs' account, transferred away the Domain Name without Plaintiffs' permission. *See* FAC ¶ 20. Plaintiffs do not allege that GoDaddy knew or should have known that the transfer request was unauthorized and made a deliberate, conscious choice to transfer the Domain Name: Plaintiffs' allegations

of the Doe Defendants' deception of GoDaddy or impersonation of Plaintiffs do not state a deliberate, conscious act in derogation of GoDaddy's contractual duties under the UTOS or DNRA. Without an implied covenant anchored to an existing contractual provision (and not in conflict with the express provisions of the UTOS or DNRA), and without allegations of a deliberate, conscious act by GoDaddy to subvert the UTOS or DNRA, Plaintiffs cannot state a claim for breach of the implied covenant of good faith and fair dealing.

### D.   Plaintiffs' Jury Demand Must Be Struck

Plaintiffs' First Amended Complaint includes a jury demand. *See* FAC at pages 1, 8. But Plaintiffs are bound by the UTOS, which they admit agreement to, *see* FAC ¶¶ 23-25, and which contains a jury trial waiver. *See* Hanyen Decl., Ex. A at § 22(N) ("You also agree to waive the right to trial by jury in any such action or proceeding."); Hanyen Decl. Ex. D at § 23 ("You agree to waive the right to trial by jury in any action or proceeding that takes place relating to or arising out of this Agreement"); Hanyen Decl. Ex. E at § 25 ("You agree to waive the right to trial by jury in any action or proceedings that takes place relating to or arising out of this Agreement."). Just as parties may contractually shorten limitation periods, so too may they waive the right to trial by jury. *See Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1058 (N.D. Cal. 2013). Such waivers are enforced when made knowingly, intentionally, and voluntarily, based on consideration of whether the term was negotiable, the conspicuousness of the waiver, the parities' relative bargaining power, and the business acumen of the party opposing the waiver. *Id.*

The circumstances here weigh in favor of enforcement. The fact that the UTOS is a standard contract is "essentially neutral." *Cannon*, 917 F. Supp. at 1058. Although the waivers are not particularly emphasized in the UTOS, they are not hidden or concealed in fine print, which is likely neutral but at most weighs slightly in Plaintiffs' favor. *Id.* With respect to bargaining power, there are hundreds of registrars, and nothing compelled Plaintiffs to use GoDaddy's services, so that factor weighs in favor

of enforcing the waiver. *Id.* at 1059.  Both parties here include corporations, suggesting that relative business acumen is a neutral factor.   *Id.*   Given Plaintiffs' emphatic pleading of their agreement to GoDaddy's contracts, *see* FAC ¶¶ 23-25, Plaintiffs ought to be bound by the terms of those contracts, including the waiver of jury trial.

## VI.   CONCLUSION

Plaintiffs' claims are all time-barred by the contracts that they agreed to, and Plaintiffs cannot escape their untimeliness through artful omissions in amended pleadings.  But even if Plaintiffs' claims were timely—which they are not—they fail to state claims to relief.  Moreover, Plaintiffs' jury trial demand must be struck because Plaintiffs knowingly waived the right to a jury trial when they agreed to GoDaddy's terms.  GoDaddy respectfully requests that this Court grant its Motion to Dismiss and dismiss all claims.

Dated:  June 25, 2021                      By:   *s/ Paula L. Zecchini*

Paula L. Zecchini (SBN 238731)
Harper S. Seldin (*pro hac vice to be submitted*)

*Attorneys for Defendant*
GODADDY INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, I electronically filed the foregoing documents:  Defendant's Memorandum of Law in Support of Motion to Dismiss, with the Clerk of the Court by using the CM/ECF system and that foregoing document is being served on all counsel of record identified below via transmission of Notice of Electronic Filing generated by CM/ECF:

Thad M. Scroggins
The Law Office of Thad M. Scroggins
155 N. Lake Ave., Suite 800
Pasadena, CA 91101
Tel: 626-993-6715
Fax: 626-226-5594
Email: thad@scrogginsesq.com

*Attorneys for Plaintiffs Engage BDR, LLC and Kenneth Kwan*

 *s/ Paula L. Zecchini*
PAULA L. ZECCHINI

GODADDY INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS