UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02014-JVS (ASx) | Date | September 23, 2021 |
| Title | Engage BDR v. GoDaddy | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**    **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Defendant GoDaddy Inc. ("GoDaddy") moves to dismiss the First Amended Complaint ("FAC") against it and DOES 1–10 (collectively, "Defendants"). Dkt. No. 17. Plaintiffs Engage BDR, LLC ("Engage BDR") and Kenneth Kwan ("Kwan") (collectively, "Plaintiffs") oppose the motion. Dkt. No. 33. GoDaddy filed a reply. Dkt. No. 34.

For the following reasons, the Court **GRANTS** the motion and dismisses Plaintiffs claims without prejudice. The Court grants Plaintiffs leave to amend and replead their claims.

**I. BACKGROUND**

GoDaddy is a domain name registrar, managing the reservation of Internet domain names registered by customers worldwide. FAC ¶ 14; Declaration of Jessica Hanyen ("Hanyen Decl."), Dkt. No. 19, ¶ 3. Plaintiffs allege that on July 2, 2009, Kwan purchased the domain name "hahajk.com" (the "Domain Name") on Engage BDR's behalf through GoDaddy for a period of five years. FAC ¶ 15. Plaintiffs renewed the registration for the Domain Name on May 19, 2014 (FAC ¶¶ 16, 24) and July 2, 2016 (FAC ¶¶ 16, 24). The receipts that GoDaddy provided Plaintiffs upon both renewals stated that "By using these products, you agree that you are bound by the Universal Terms of Service and Privacy Policy." FAC, Ex. B, Dkt. No. 14-2, at 3; FAC, Ex. C, Dkt. No. 14-3, at 3.

Plaintiffs further allege that on or about October 19, 2019, GoDaddy experienced a security breach affecting approximately 28,000 customers's accounts—including the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02014-JVS (ASx) | Date | September 23, 2021 |
| Title | Engage BDR v. GoDaddy | | |

account Kwan used to purchase and hold the Domain Name.  FAC, ¶ 18.  Plaintiffs allege that the Doe Defendants "breached/hacked Defendant's system and got into Mr. Kwan's account and transferred the multiple domain names off under that account, including but not limited to the Domain Name."  Id. ¶ 21.  Plaintiffs alleged in their original Complaint that the Domain Name was transferred "On or about December 2019," (see Compl., Dkt. No. 1, ¶ 20), but omit that allegation from their First Amended Complaint.  FAC ¶ 20.  GoDaddy's security team detected the security breach on April 23, 2020.  Id. ¶ 19.

Plaintiffs bring three causes of action against GoDaddy and ten Doe Defendants based on these allegations:  (1) breach of contract; (2) negligence; and (3) breach of implied covenant of good faith and fair dealing.  See FAC, at 1.  GoDaddy moves to dismiss all of the claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

### A. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'"  Id. at 678-80 (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02014-JVS (ASx) | Date | September 23, 2021 |
| Title | Engage BDR v. GoDaddy | | |

**B.   Incorporation-by-Reference**

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002).  There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment.  Lee, 250 F.3d at 688.  First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b).  Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint.  Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011).  "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference.  Khoja, 899 F.3d at 1002.

### III.   DISCUSSION

**A.   Breach of Contract**

Plaintiffs bring claims against Defendants for breach of contract by:  (1) "transferring the Domain name out of Mr. Kwan's account to a third party without his authorization or approval" (FAC ¶ 29); (2) "failing to provide adequate security for Mr. Kwan's hosting account and the Domain Name" (FAC ¶ 30); (3) "failing to provide adequate security mechanisms to protect the Domain Name from an unauthorized transfer to a third party" (FAC ¶ 31); (4) "failing to contact Mr. Kwan to obtain authorization to transfer the Domain Name to a third party" (FAC ¶ 32); and (5) "failing to adequately warn Mr. Kwan of the possibility of an unauthorized transfer of the Domain Name to a third party" (FAC ¶ 33).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02014-JVS (ASx) | Date | September 23, 2021 |
|---|---|---|---|
| Title | Engage BDR v. GoDaddy | | |

In California, a cause of action for breach of contract requires showing "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). "A complaint for breach of contract must include the contract itself or plead its essential terms." J D Factors, LLC v. Reddy Ice Holdings, 2016 WL 6996152, at *2 (C.D. Cal. June 6, 2016). Here, plaintiffs do neither. Further, "[t]he complaint must identify the specific provision of the contract allegedly breached by the defendant." Donohue v. Apple, Inc., 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012) (citing Progressive West Ins. Co. v. Super. Ct., 135 Cal. App. 4th 263, 281 (2005)).

GoDaddy argues that the UTOS govern its contractual relationship with Plaintiffs and asks this Court to incorporate by reference its Universal Terms of Service ("UTOS"). See Reply, at 1–2. GoDaddy bases its argument that the UTOS is the operative contract here on the fact that both renewal receipts that Plaintiffs attach to their FAC state that "[b]y using these products, you agree that you are bound by the Universal Terms of Service[.]" FAC, Ex. B, Dkt. No. 14-2, at 3; FAC, Ex. C, Dkt. No. 14-3, at 3.

Plaintiffs argue that "[t]here is absolutely no evidence that the [UTOS] were a part of the contract" when Plaintiffs originally registered the domain name in July 2009. Opp'n, Dkt. No. 33, at 3. However, Plaintiffs do not identify which contract, let alone which specific terms of that contract, GoDaddy allegedly breached. Plaintiffs argue that they are not required to identify a specific contractual provision that GoDaddy allegedly breached because their allegations were based on "obligations" that were "intrinsic to the entire contract." But, there is no such exception to the requirement that plaintiffs identify the specific provision of the contract that was allegedly breached. Thus, Plaintiffs have failed to state a claim for breach of contract and the Court declines to determine at this time whether the UTOS govern the contractual relationship.

Accordingly, Plaintiffs's breach of contract claim is dismissed without prejudice. Plaintiffs are granted leave to amend and replead their breach of contract claim.

**B.     Negligence**

The second cause of action alleges negligence. Plaintiffs allege that GoDaddy, as registrar of the Domain Name, owed Plaintiffs duties to: (1) provide adequate security for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02014-JVS (ASx) | Date | September 23, 2021 |
| Title | Engage BDR v. GoDaddy | | |

Mr. Kwan's hosting account and the Domain Name; (2) provide adequate security mechanisms to protect the Domain Name from an unauthorized transfer to a third party; (3) contact Kwan to obtain authorization to transfer the Domain Name; (4) contact Kwan to verify any request to transfer the Domain Name; (5) adequately warn Kwan of the possibility of an unauthorized transfer of the Domain Name to a third party; and (6) "otherwise exercise due care with respect to the matters alleged" in the FAC. FAC, ¶ 40. However, these "duties" Plaintiffs identify all arise from the registration and renewal contracts underlying Plaintiffs's contractual claims. "The economic loss rule [states] that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." See JMP Secs. LLP v. Altair Nanotechs. Inc., 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) (internal quotation omitted). Because Plaintiffs have not pleaded any duties beyond those that arise from their contractual relationship with GoDaddy, they fail to state a claim for negligence.

Thus, Plaintiffs's negligence claim is dismissed without prejudice. Plaintiffs are granted leave to amend and replead their negligence claim.

**C.     Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs allege that GoDaddy breached a covenant of good faith and fair dealing implied in "[t]he Contracts entered into between Plaintiffs and GoDaddy when Plaintiffs purchased and renewed the Domain Name." FAC ¶¶ 46–50. Specifically, Plaintiffs "allege that by reason of transferring of the Domain Name out of Mr. Kwan's account to a third party without his authorization or approval, Defendant has breached the implied covenant of good faith and fair dealing." Id. ¶ 49.

Plaintiffs do not, however, identify the specific contractual provisions that give rise to the implied covenant. "In order to state a claim for breach of an implied covenant of good faith and fair dealing, the specific contractual obligation from which the implied covenant of good faith and fair dealing arose must be alleged." Inter-Mark USA, Inc. v. Intuit, Inc., 2008 WL 552482, *6 (N.D. Cal. Feb. 27, 3008); see also Griffin v. Green Tree Servicing, LLC, 166 F. Supp. 3d 1030, 1048 (C.D. Cal. April 9, 2015) (granting a motion to dismiss plaintiff's claim for breach of the implied covenant of good faith and fair dealing because plaintiff did not identify which contract gave rise to the implied duty or any contractual rights she had that were frustrated by the alleged breach).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02014-JVS (ASx) | Date | September 23, 2021 |
| Title | Engage BDR v. GoDaddy | | |

Thus, Plaintiffs's breach of the implied covenant of good faith and fair dealing claim is dismissed without prejudice. Plaintiffs are granted leave to amend and replead this claim.

### D. Doe Defendants

The First Amended Complaint names ten Doe Defendants. FAC at 1. While the Local Rules permit plaintiff to sue up to ten unidentified "Doe" defendants (see Local Rule 19-1), as a general rule the use of fictitiously named parties is disfavored in federal court. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Moreover, since plaintiff has not made individualized allegations about any of the Doe Defendants, such unidentifiable defendants may be dismissed from the Complaint. See id.; McConnell v. Marine Eng'rs Beneficial Ass'n Benefit Plans, Dist. 1 - Pac. Coast Dist., 526 F. Supp. 770, 774 (N.D. Cal. 1981). At a minimum, plaintiff must refer to each unidentified defendant by a separate fictitious name (i.e., "John Doe #1," "John Doe # 2," etc.) and allege facts that demonstrate a causal link between each such individual's actions and a cause of action.

For these reasons, Plaintiff's claims against the Doe Defendants are dismissed without prejudice and Plaintiffs are granted leave to amend and replead their claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and dismisses all of Plaintiff's claims without prejudice. Plaintiffs are granted leave to amend and replead their claims. Hearing set for September 27, 2021 at 1:30 p.m. is **VACATED.**

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |